## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**NATASKA HOWARD,**

      **Petitioner,**

**v.**                         **Case No. 4:15cv66-RH/CAS**

**WARDEN, FCI TALLAHASSEE,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

On or about January 10, 2015, Petitioner Nataska Howard, a federal prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.   ECF No. 1.   On May 26, 2015, Respondent filed an answer, with exhibits.   ECF No. 8.   Petitioner has not filed a reply, although she has filed supplements.   *See* ECF Nos. 11, 12.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).   After careful consideration, the undersigned concludes Petitioner has not demonstrated entitlement to proceed under § 2241 and this petition should be dismissed.

## Background

Following a jury trial in July 2006, in the United States District Court for the Southern District of Florida, Case No. 06-20177-CR-MARTINEZ, Petitioner Nataska Howard was convicted of one count of conspiracy to possess with intent to distribute five or more grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846, and one count of possession with intent to distribute five or more grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), in connection with events that took place on March 7, 2006.   *See* United States v. Howard, No. 1:06cr20177-JEM, Verdict, ECF No. 54 (S.D. Fla. July 14, 2006), and Judgment, ECF No. 70 (S.D. Fla. Oct. 17, 2006).   Prior to the trial, the Government had filed a notice of its intent to seek enhanced penalties, pursuant to 21 U.S.C. § 851.   *See id.* ECF No. 32.   In October 2006, Petitioner was adjudicated guilty and sentenced based on her status as a career offender, pursuant to the Sentencing Reform Act of 1984, to concurrent terms of 360 months of imprisonment followed by 8 years of supervised release on each count, to be served concurrently.   *See id.* ECF No. 70 (Judgment).   This prison term reflected the lowest end of the applicable guideline range implicated by Petitioner's classification as a

career offender under Section 4B1.1 of the Sentencing Guidelines. *See
id.* ECF No. 72 (Presentence Investigation Report (PSR)).

Howard appealed the judgment and sentence to the Eleventh Circuit
Court of Appeals, assigned case number 06-15802. *See id.* ECF No. 73
(Notice of Appeal). The appellate court affirmed the convictions and
sentence on October 31, 2007. *See id.* ECF No. 88; United States v.
Howard, 252 F. App'x 955 (11th Cir. 2007). In particular, the appellate
court rejected, on de novo review, Petitioner's argument that the trial court
erred in classifying her as a career offender under U.S.S.G. § 4B1.1(a)
because her prior conviction in state court for improper exhibition of a
firearm on or near school property was not a crime of violence within
U.S.S.G. § 4B1.2(a). Howard, 252 F. App'x at 959-61. The court also
rejected Petitioner's argument that her sentences were unreasonable and
disproportionate to the crimes at issue. *Id.* at 961-62.

In February 2008, Howard filed in the sentencing court a motion to
vacate sentence under 28 U.S.C. § 2255 and a supporting memorandum.
*See* United States v. Howard, No. 1:06cr20177-JEM, ECF Nos. 90 and 91
(Motion to Vacate and Memorandum) (S.D. Fla. Feb. 19, 2008); United
States v. Howard, No. 1:08cv20411-JEM (case number assigned for

§ 2255 proceeding).   The magistrate judge entered a report and recommendation that the motion be denied.   *See* <u>United States v. Howard</u>, Case No. 1:08cv20411, ECF No. 11 (S.D. Fla. Sept. 17, 2008).   The district court adopted the report and recommendation, and denied Howard's motion.   *See id.* ECF Nos. 12 (order), 15 (amended order). Howard tried to appeal, but the court denied a certificate of appealability. *See id.* ECF Nos. 16-18, 29.

Howard also filed in the sentencing court, in February 2008, a motion to reduce sentence pursuant to 18 U.S.C. § 3582.   *See* <u>United States v. Howard</u>, Case No. 1:06cr20177-JEM, ECF No. 92 (S.D. Fla. Feb. 28, 2008).   The district court denied that motion.   *See id.* ECF No. 94.

In June 2009, Howard filed another § 3582 motion in the sentencing court.   *See id.* ECF No. 96.   The court denied this motion as previously denied.   *Id.* ECF No. 94.   Howard appealed.   *Id.* ECF No. 103.   The Eleventh Circuit affirmed the district court's denial of the § 3582 motion. *See id.* ECF No. 110; <u>United States v. Howard</u>, 372 F. App'x 978 (11th Cir. 2010).   In particular, the appellate court explained:

> Howard's arguments that she is not a career offender and that her sentence is unreasonable are groundless.   Howard has already presented these issues before this Court in <u>United</u>

States v. Howard.   252 Fed. Appx. 955.   In that appeal, this
Court affirmed the district court's determination that Howard
was a career offender under U.S.S.G. §   4B1.1, and held that
the sentence applied was reasonable.   *Id.* at 959-962.   Here,
Howard has not presented an argument which falls under the
three exceptions to the law-of-the-case doctrine in her § 3582
motion.   Therefore, to the extent that Howard attempts to
argue that she was improperly sentenced as a career offender
and that her sentence was unreasonable, the contentions are
foreclosed by the law-of-the-case doctrine.

Howard, 372 F. App'x at 979.   The United States Supreme Court denied

Howard's petition for writ of certiorari.   Howard v. United States, 131 S. Ct.

345 (2010).

Howard then filed a § 2241 petition and supporting memorandum in

this Court on September 13, 2010.   Howard v. Taylor, No. 4:10cv408-

MP/CAS, ECF Nos. 1 and 1-1.   She raised two claims in that petition: (1)

she is actually innocent of her sentence for a crack cocaine offense

pursuant to the Fair Sentencing Act of 2010, which she claimed should

apply retroactively; and (2) she is "actually, factually, and legally innocent of

being a career offender."   *Id.* ECF No. 16 (Report and Recommendation).

In the Report and Recommendation, the magistrate judge concluded

Howard was not entitled to relief on either claim, and recommended the

petition be dismissed.   *Id.*   The Report and Recommendation explains the

§ 2241 petition challenges the validity of Howard's sentence, not the
execution thereof, and thus would be properly brought pursuant to § 2255,
not § 2241; further, Howard had not satisfied the savings clause, to open
the portal to § 2241 relief.   *Id.*   The district judge adopted the Report and
Recommendation, with a minor correction.   *Id.* at 24.   Howard appealed,
and the Eleventh Circuit affirmed the dismissal on September 10, 2104.
Howard v. Warden, 580 F. App'x 728 (11th Cir. 2014).   Among other
things, the Eleventh Circuit explained Howard had not satisfied the savings
clause because her "30-year sentences do not exceed her statutory
maximums, regardless of whether the district judge erred when he
determined she was a career offender, improperly subjected her to
enhanced sentences for having a prior felony conviction, or violated
Shepard [v. United States, 544 U.S. 13 (2005)]."   Howard, 580 F. App'x at
731-32.

As indicated above, on or about January 10, 2015, Howard filed this
second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.
ECF No. 1.   She raises one ground:   "Movant is Actually, Factually,
Lawfully, and Legally Innocent of Her Career Offender Status, based on
Burrage v. United States, 134 S. Ct. 881, 884 (2014), and Descamps v.

United States, 133 S. Ct. 2275 (2013)." *Id.* at 12.

On May 26, 2015, Respondent filed an answer, with exhibits.   ECF No. 8.   Respondent asserts Howard again attempts to argue she is factually and legally innocent of being a career offender.   *Id.* at 4. Respondent asserts that under the law-of-the-case doctrine, this Court is bound by the findings of fact and conclusions of law made by the Eleventh Circuit in the prior appeal, and that court previously determined, based on Bryant and Gilbert II, that Howard's claim she was improperly sentenced as a career offender could not be raised in a § 2241 petition under the savings clause because her sentences did not exceed the statutory maximum and, further, one cannot be actually innocent of a sentencing enhancement.   *Id.* at 4-5.   Respondent asserts that Howard has not satisfied any of the exceptions to the law-of-the-case doctrine.   *Id.* at 5-6.   Respondent asserts that Howard has not demonstrated that either of the cases she cites – Burrage or Descamps – applies to her.   *Id.* at 5.   Indeed, Respondent points out that these cases are distinguishable and did not disturb the Eleventh Circuit's precedent in Bryant and Gilbert II.   *Id.*

Petitioner has not filed a reply, although she has filed a supplement on or about July 28, 2015.   *See* ECF Nos. 11, 12, 13.   In the supplement,

Howard argues her sentence is unconstitutionally vague, in violation of her

rights under the Fifth and Sixth Amendments:   "The Residual Clause as

applied to Florida priors for section 893.13 and section 393.135, U.S.S.

Guideline Section 4B1.1 is unconstitutionally vague and violates the

Petitioner's Fifth and Sixth Amendment Rights to Due Process and His

Sixth Amendment rights to 'mens rea' to the illicit nature of the substance."

ECF No. 12 at 1.   The relatively recent U.S. Supreme Court cases she

appears to rely on include Begay, Descamps, and United States v.

Johnson, 13-7120 (June 26, 2015).   *Id.* at 2-5.   She again argues she is

"actually, factually, and legally innocent of her career offender status."   *Id.*

at 4.

On June 19, 2016, Howard filed, in the sentencing court, a motion to

correct sentence pursuant to § 2255 and motion for appointment of

counsel, seeking relief under Johnson v. United States, 135 S. Ct. 2551

(2015).   Howard v. United States, 1:16cv22509-JEM (S.D. Fla. June 24,

2016), ECF Nos. 1, 4.   The magistrate judge issued a Report and

Recommendation on June 28, 2016, explaining Howard had previously

filed a § 2255 motion, which was denied, and, therefore, Howard would

need permission from the Eleventh Circuit Court of Appeals prior to filing a

second or successive motion.   *Id.* ECF No. 6.   The judge recommended a

direct transfer of the case to the Eleventh Circuit "given the time constraints

imposed under the AEDPA and in the interests of justice."   *Id.* at 7.   He

noted, however:

> While it is recommended that the instant case be directly
> transferred to the appellate court, the undersigned expresses
> no opinion as to the ultimate outcome of the application for
> certificate of appealability.   This is so because it is unclear
> whether movant's sentence was enhanced as a career offender
> or an armed career criminal.   If, as movant suggests, [s]he was
> enhanced as a career offender, then the Eleventh Circuit has
> previously held that the Supreme Court decision finding the
> Armed Career Criminal Act's residual clause void for
> vagueness does not apply to career offender guidelines
> because the doctrine of due process does not apply to advisory
> sentencing guidelines.   *See* United States v. Matchett, ___
> F.3d ___, 2015 WL 5515439 (11th Cir. Sept. 21, 2015)
> (published).

*Id.* at n.6.

In an order entered July 22, 2016, the Eleventh Circuit denied

Howard's application for leave to file a second or successive § 2255

motion, explaining she had not satisfied the statutory criteria for filing a

successive § 2255 motion.   *Id.* ECF No. 7.   In particular, the court

explained:

> In her application, Howard indicates that she wishes to
> raise one claim in a second or successive § 2255 motion.

**Case** No. 4:15cv66-RH/CAS

Howard asserts that her claim relies upon a new rule of constitutional law announced in <u>Johnson v. United States</u>, 576 U.S. ___, 133 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), and <u>Welch v. United States</u>, 578 U.S. ___, 136 S. Ct. 1257, 194 L. Ed. 2d 387 (2016).   She contends that her sentence was unconstitutionally enhanced in violation of her Fifth Amendment rights under the residual clause, but provides no further detail. Liberally construed, it appears that Howard challenges her career-offender enhancement under the Sentencing Guidelines.

      . . . .

      Howard has not satisfied the statutory criterial for filing a successive § 2255 motion.   First, even though the Supreme Court has held in <u>Welch</u> that <u>Johnson</u> applies retroactively to cases on collateral review, our binding precedent holds that <u>Welch</u> does not make <u>Johnson</u> retroactive for purposes of filing a successive § 2255 motion raising a <u>Johnson</u>-based challenge to the Sentencing Guidelines.   *See* [In re:] <u>Griffin</u>, No. 16-12012, manuscript op. at 8-9 [(11th Cir. May 25, 2016)]; <u>Welch</u>, 578 U.S. at ___, 136 S. Ct. at 1264-65.   Furthermore, Howard cannot make a prima facie showing that <u>Johnson</u> applies to her in light of our holdings in <u>Matchett</u> and <u>Griffin</u> that the Sentencing Guidelines – whether advisory or mandatory – cannot be unconstitutionally vague.   *See* <u>Griffin</u>, No. 16-12012, manuscript op. at 7; <u>Matchett</u>, 802 F.3d at 1195.

*Id*. at 3-6.

## <u>Analysis</u>

      The Judiciary Act of 1789 granted federal courts the power to issue

the writ of habeas corpus.   *See* <u>United States v. Hayman</u>, 342 U.S. 205

(1952).   The habeas remedy is now codified in 28 U.S.C. § 2241,

subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States."   As noted in Hayman, prisoners must bring habeas corpus applications in the district of confinement.   342 U.S. at 213.   Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28.   *See* Hayman, 342 U.S. at 212–14, 218; *see also* Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999).

The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement.   *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351-52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally

**Case** No. 4:15cv66-RH/CAS

imposed sentence).   Thus, § 2241 provides an avenue for challenges to matters such as the administration of sentences or parole, prison disciplinary actions, prison transfers, and certain types of detention.   *See* Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is matter for habeas corpus).

In her current § 2241 filings, as explained above, Petitioner Howard again challenges her sentence.   A collateral attack on the validity of a federal sentence is properly brought under 28 U.S.C. § 2255 in the district of conviction, however.   *See, e.g.*, Antonelli, 542 F.3d at 1351-52; Sawyer v. Holder, 326 F.3d 1353, 1365 (11th Cir. 2003); Jordan, 915 F.2d at 629. The Eleventh Circuit has explained:

> In general, a federal prisoner seeking to challenge the legality of his conviction or sentence has two bites at the apple: one on direct appeal, and one via

a § 2255 motion.   In the interests of finality, the law
generally bars prisoners from filing second or
successive § 2255 motions, except when "certified
as provided in section 2244[(b)(3)(A)] by a panel of
the appropriate court of appeals to contain" either
"newly discovered evidence" of actual innocence or
"a new rule of constitutional law, made retroactive to
cases on collateral review by the Supreme Court,
that was previously unavailable."   *See* 28 U.S.C.
§ 2255(h); Gilbert [v. United States], 640 F.3d
[1293,] 1309 [(11th Cir. 2011 (en banc)].   This bar
on second or successive motions is jurisdictional.

Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1339 (11th

Cir. 2013).   "A petitioner who has filed and been denied a previous § 2255

motion may not circumvent the successive motion restrictions simply by

filing a petition under § 2241."   Darby v. Hawk-Sawyer, 405 F.3d 942, 945

(11th Cir. 2005) (citing Wofford, 177 F.3d at 1245); *see, e.g.*, Antonelli, 542

F.3d at 1351.

In particular, § 2255(e) bars a § 2241 petition if the prisoner "has

failed to apply for relief, by motion, to the court which sentenced him, or

that such court has denied him relief, *unless it also appears that the*

*remedy by motion is inadequate or ineffective to test the legality of his*

*detention.*"   28 U.S.C. § 2255(e) (emphasis added); Wofford, 177 F.3d at

1238.   The italicized language, known as the "savings clause," provides a

narrow exception to the bar and allows review of a § 2241 habeas petition only in limited circumstances.   "The applicability of the savings clause is a threshold jurisdictional issue, and the savings clause imposes a subject-matter jurisdictional limit on § 2241 petitions."   Samak v. Warden, FCC Coleman-Medium, 766 F.3d 1271, 1273 (11th Cir. 2014) (citing Williams, 713 F.3d at 1337-38).   A petitioner has the burden of demonstrating entitlement to proceed under the savings clause.   *Id.*

As set forth above, Petitioner Howard applied for § 2255 relief in the sentencing court and was denied.   She seeks to use this § 2241 petition as a vehicle for challenging her sentence.   To challenge her sentence under § 2241, Petitioner has to satisfy the savings clause by meeting five requirements:

(1) Throughout the petitioner's sentencing, direct appeal, and first § 2255 proceeding, this [Eleventh Circuit] Court's precedent had specifically and squarely foreclosed the claim raised in the § 2241 petition;

(2) After the petitioner's first § 2255 proceeding, the Supreme Court overturned that binding precedent;

(3) That Supreme Court decision applies retroactively on collateral review;

(4) As a result of that Supreme Court decision applying retroactively, the petitioner's current sentence exceeds the statutory maximum; and

(5) The savings clause of § 2255(e) reaches [petitioner's] claim.

Jeanty v. Warden, FCI-Miami, 757 F.3d 1283 (11th Cir. 2014); *see* Bryant

v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1257 (11th Cir. 2013).

Here, as Respondent indicates, Petitioner evidently attempts to

satisfy step (2) by relying on the U.S. Supreme Court's decisions in Begay,

Descamps, Burrage, and Johnson.   ECF No. 8 at 5-8; *see* ECF No. 1 at

12; ECF No. 12 at 2-5.   As Respondent indicates, Petitioner Howard's

previous attempt to rely on Begay to change her sentence was rejected.

Howard's reliance on Descamps is misplaced.   Abney v. Warden, 621 F.

App'x 580, 584 (11th Cir. 2015) (explaining that Descamps did not

"implement a substantive or a 'watershed' procedural change in the law"

and, further, "Descamps does not apply retroactively to cases on collateral

review, and is not a proper basis for granting relief under § 2241 via the

savings clause of § 2255(e)").

Howard's reliance on Johnson is also misplaced, as explained by the

Eleventh's Circuit in its denial of her application to file a successive § 2255

motion.   Howard v. United States, No. 1:16cv22509-JEM, ECF No. 7;

U.S. v. Matchett, 802 F.3d 1185, 1194 (11th Cir. 2016).   Matchett is

binding precedent in the Eleventh Circuit.   In re: Griffin, No --2016 WL

3002293, at *4 (11th Cir. 2016); *see* U.S. v. Ghany, 2016 WL 3181348

(11th Cir. 2016).

     In Burrage v. United States, 134 S. Ct. 881 (2014), also cited by

Howard in her filings, the U.S. Supreme Court "held that a defendant

cannot be held liable under the penalty enhancement provision of 21

U.S.C. § 841(b)(1)(C) where the use of a drug distributed by the defendant

is not an independently sufficient cause of the victim's death or serious

bodily injury unless the drug use is a but-for cause of the death or injury."

Herrera v. Warden, FCC Coleman, 596 F. App'x 859 (11th Cir. 2015); *see*

Burrage, 134 S. Ct. at 892.   This enhancement was not applied in

Howard's case, however.   Regardless, Burrage does not apply

retroactively on collateral review.   *See* Herrera, 596 F. App'x at 861.

     Finally, as this Court and Respondent have explained, and as the

Eleventh Circuit has specifically held, Petitioner's concurrent prison

sentences of 360 months (30 years) does not exceed the statutory

maximum punishment of 40 years in prison.   Thus, Petitioner also fails at

step (4) and may not proceed under the savings clause.   *See* Gilbert, 640

F.3d at 1323 ("What we do decide is that the savings clause does not

authorize a federal prisoner to bring in a § 2241 petition a claim, which

would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum.").

Therefore, in this case, review under § 2241 is not available as Petitioner challenges the validity of her sentence, not the execution thereof. Further, Petitioner has not shown entitlement to review under the savings clause, to open the § 2241 portal.   Accordingly, this § 2241 petition should be dismissed for lack of jurisdiction.

## Conclusion

For the reasons set forth above, it is **RECOMMENDED** the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED for lack of jurisdiction**.

**IN CHAMBERS** at Tallahassee, Florida, on January 27, 2017.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's**

objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.